# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WORLD GROUP SECURITIES, INC., | |
|     Plaintiff, | Case No. 2:06-CV-320-KJD-GWF |
| v. | **ORDER** |
| BEN H. BRADLEY, an individual; and ELDA L. BRADLEY, an individual, | |
|     Defendants. | |

    Before the Court is Plaintiff's Emergency Motion to Lift Stay (#43). This is the third emergency motion filed by Plaintiff in this action. In the current motion, counsel for Plaintiff, at various points, asserts that the Court does not appear to have (1) determined whether a valid agreement to arbitrate exists, and if it does, (2) whether that agreement encompasses Defendants' successor liability claims against Plaintiff.

    Plaintiff alleged in its Complaint for Declaratory Relief (#1) that there is no agreement to arbitrate between Plaintiff and its clients, the Bradleys (Defendants). However, it retreated from that position when confronted with the allegations of Bradley's Amended Statement of Claim and recent case law. In its Reply in Support of Application for Preliminary Injunction and Stay of Arbitration (#19), page 1, lines 26–28, Plaintiff

concedes that NASD has jurisdiction over certain of Defendants' claims. In its Minute Order of January 10, 2007, (#32), the Court recognized this concession and also found that the Amended Statement of Claim alleges conduct that occurred while Defendants were customers of Plaintiff. The Court thereupon ruled that the NASD Code of Arbitration creates an enforceable arbitration contract for such claims.

Plaintiff requests that the Court stay arbitration on the possibility that the arbitrator could improperly entertain, determine, or enter an award predicated on successor liability. Plaintiff fears that the arbitrator may not follow the law in resolving that issue. Such a scenario is purely speculative on the part of Plaintiff and far from a certainty. However even assuming, *arguendo*, that the arbitrator does address the matter of successor liability of Plaintiff, the NASD rules governing the scope of arbitration are sufficiently broad to permit a ruling on that dispute. Rule 10301(a) provides: "Any dispute, claim or controversy eligible for submission under the Rule 10100 series between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer." The provision for arbitration is broadly worded and any doubt as to whether the clause should be interpreted to cover the asserted dispute must be resolved in favor of arbitration.

It is undisputed that Defendants are customers of Plaintiff, an NASD-member. It is also undisputed that Defendants have requested arbitration of claims allegedly arising in connection with the business activities of Plaintiff. The provision for arbitration covers "any dispute" between a customer and a member arising in connection with the business of such member. Plaintiffs have argued that, under the facts of this case, there can be no successor liability. Were the claim of successor liability the only dispute subject to arbitration, this Court would arguably have a duty to decide that issue preliminarily.

2

However, as stated, it is not the only arbitrable issue.  Plaintiff has conceded that Defendants have stated an arbitrable claim against it for the period during which Defendants were its customers.  Accordingly, there is a basis for arbitration independent of the putative successor liability claim.  Once the court has determined that any matter is subject to arbitration, the strong federal policy in favor of arbitration requires that the matter be sent to arbitration without further interference from the court.  See, e.g., Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226, (1987).  Plaintiff is also certainly aware of the decision against it in World Group Securities, Inc., v. Sanders, 2006 WL 1278738, (D.Utah, 2006), in the District of Utah.  On virtually identical facts, the District Court denied Plaintiff's Motion for Preliminary Injunction and granted Defendants' Motion to Dismiss.  For the reasons previously stated, this Court declines Plaintiff's request to separately and summarily adjudicate the issue of successor liability during the pendency of arbitration.

       Finally, Plaintiff claims it was denied due process because the Court issued its stay without awaiting Plaintiff's response.  The Court did however reconsider the matter of the stay of this litigation in ruling on Plaintiff's Renewed and Resubmitted Emergency Motion (#37) for injunctive relief, and again in connection with the instant Order.  The decision on whether to enjoin arbitration necessarily involves consideration of whether the current litigation should be stayed.  Once it has been determined that a matter is subject to arbitration, a suspension of litigation is in order.  As discussed in the Order of April 2, 2007, (#41) denying Plaintiff's Renewed and Resubmitted Emergency Motion (#37), the parties should arbitrate those matters which are subject to arbitration without being required to simultaneously litigate in this Court.  To permit Plaintiff to continue to litigate during the pendency of arbitration would deprive Defendants of the benefits of that process.  Contrary to the assertions of Plaintiff, the issues relating to the stay have been fully briefed, considered and determined by the Court.  If Plaintiff desired to present additional argument

against the issuance of a stay it could have easily have done so in the two month period that has elapsed since the Order of March 5, 2007.

Accordingly, it is Ordered that Plaintiff's Emergency Motion to Lift Stay (#43), is **DENIED**.

DATED: May 18, 2007.

_____
Kent J. Dawson
UNITED STATES DISTRICT JUDGE